WAJDA LAW GROUP, APC
Nicholas M. Wajda (State Bar No. 259178)
6167 Bristol Parkway
Suite 200
Culver City, California 90230
Telephone: (310) 997-0471
Facsimile: (866) 286-8433
Email: nick@wajdalawgroup.com
*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MEY SAECHAO,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>PRIME RECOVERY LLC a/k/a PRIME RECOVERY SOLUTIONS,<br><br>　　　　　Defendant. | Case No.<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 ET SEQ.**<br><br>**2. VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788 ET SEQ.**<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT**

NOW comes MEY SAECHAO ("Plaintiff"), by and through her attorneys, WAJDA LAW GROUP, APC ("Wajda"), complaining as to the conduct of PRIME RECOVERY LLC a/k/a PRIME RECOVERY SOLUTIONS ("Defendant") as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. § 1692 *et seq.* and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA") pursuant to Cal. Civ. Code §1788 *et seq.*, for Defendant's unlawful conduct.

## JURISDICTION AND VENUE

2. This action arises under, and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C. §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Eastern District of California and a substantial portion of the events, or omissions giving rise to the claims, occurred within the Eastern District of California.

## PARTIES

4. Plaintiff is a consumer, over the age of 18, and who, at all times relevant to this action, resided in Sacramento, California.

5. Defendant is engaged in the business of collecting, or attempting to collect, directly or indirectly, debts owed, or due, using the mail and telephone, from consumers across the country, including consumers located in the State of California. Defendant is a corporation organized under the laws of the State of New York with its principal place of business located in Niagara Falls, New York.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

7. In 2018, Plaintiff obtained a short-term personal loan, in the amount of, approximately $3,000.00, from Plain Green Loans, to cover personal expenses ("subject debt").

8. Thereafter, Plaintiff made about three payments towards the subject debt, then unable to afford further payments, Plaintiff defaulted.

9. Subsequently, the subject debt was transferred, assigned, and/or purchased by the Defendant.

10. In or about April, or early May, 2019, Plaintiff began receiving calls from phone number 916-596-2022, a phone number belonging to Defendant.

11. Defendant called Plaintiff's cellular phone number ending in 1045 on no less than 10 occasions.

12. Defendant has also placed numerous calls to Plaintiff's employer at its general phone number without Plaintiff's prior consent.

13. In or about late April, or early May, 2019, Plaintiff intercepted a call at her place of employment. In this phone call, Defendant's representative threatened Plaintiff with a court judgment, wage garnishment, and the threat of arrest.

14. Fearful of Defendant's threats, during the above call Plaintiff entered into a verbal agreement with Defendant to pay off the subject debt for a total amount of $1,500.00 with monthly installment payments of $250.00.

15. Plaintiff provided Defendant with her bank account information, however, when it was time to debit the initial payment, Plaintiff did not have any funds. The calls from Defendant proceeded and Defendant continued to call Defendant's place of employment.

16. Defendant called Plaintiff's employer no less than 12 times in July, 2019 alone.

17. Defendant has engaged Plaintiff's co-workers in no less than 10 conversations.

18. In these conversations with Plaintiff's co-workers, Defendant represented to Plaintiff's co-workers that Plaintiff has a debt, that judgment would be entered against Plaintiff, that Plaintiff's wages would be garnished, and that a warrant would be issued for Plaintiff's arrest.

19. Some of the specific dates that Defendant called Plaintiff's employer include, but are not limited to, June 24, 2019, July 22, 2019 at 2:11 pm, 2:20 pm, and 2:29 pm, and July 30, 2019 at 11:02 am.

20. In the above call on July 30, 2019, Defendant's representative, a "Ms. Turner," after being told that Plaintiff was in a meeting, Ms. Turner told the co-worker that Plaintiff should be pulled out of the meeting and also stated something to the effect that "if you are covering for her, you will get in trouble too."

21. In another phone conversation with one of Plaintiff's co-workers, Defendant's representative identified himself with the name of either "Brian" or "Brice."

22. On July 31, 2019, Defendant called Plaintiff cell phone and left a voicemail message.

23. In the above-referenced voicemail message, Defendant's representative stated, in a harsh tone, "we are calling you in regards to this account." She further stated, "I do not want to *verify* your employment and call corporate, but I will." She also stated that "we will be moving against you." Defendant's representative advised Plaintiff to call back phone number 888-801-1153.

24. Plaintiff received more calls to her cell phone on August 1, 2019 at 8:48 a.m. and 8:49 a.m..

25. Defendant continues to relentlessly place phone calls to Plaintiff's cellular phone, and the calls are ongoing.

26. Defendant continues to relentlessly place phone calls to Plaintiff's employer.

27. Plaintiff has been extremely embarrassed and severely distressed by the calls to her employer and Defendant's abusive tactics in its attempts to collect the subject debt.

28. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

29. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to: invasion of privacy, embarrassment, aggravation that accompanies collection telephone

calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the calls, increased usage of her cellular telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on her cellular phone, and diminished space for data storage on her cellular phone.

30. Frustrated over Defendant's conduct, Plaintiff s was forced to retain counsel.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

31. Plaintiff repeats and realleges paragraphs 1 through 30 as though fully set forth herein.

32. The Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

33. The subject loan qualifies as a "debt" as defined by FDCPA §1692a(5) as it arises out of a personal loan used for household items and/or services.

34. Defendant qualifies as a "debt collector" as defined by §1692a(6) because it regularly collects debts and uses the mail and/or the telephones to collect delinquent consumer accounts.

**a. Violations of FDCPA § 1692b(2) and § 1692b(3)**

35. The FDCPA, pursuant to 15 U.S.C. §1692b(2) prohibits a debt collector, when communicating with any person other than the consumer for the purpose of acquiring location information about the consumer, from stating that such consumer owes any debt.

36. Defendant violated §1692(b)(2) when Defendant called Plaintiff's place of employment, engaged Plaintiff's co-workers in conversation in order to find Plaintiff, and stated that it was calling to collect on the subject debt.

37. The FDCPA, pursuant to 15 U.S.C. §1692b(3) prohibits a debt collector, when communicating with any person other than the consumer for the purpose of acquiring location information about the consumer, from communicating with any such person more than once unless requested to do so by such person, or unless the debt collector reasonably believes that the earlier

5

response of such person is erroneous or incomplete, and that such person now has correct or complete location information.

38. Defendant violated §1692(b)(3) when it repeatedly contacted Plaintiff's employer, in order to find Plaintiff, without any request from Plaintiff's employer or co-workers to do so. Further, Defendant had no reason to believe that any response by Plaintiff's co-workers was erroneous or incomplete. Instead, Defendant was informed that Plaintiff had been in meetings, or otherwise occupied, yet Defendant continued to relentlessly call Plaintiff's employer.

### b.  Violations of FDCPA § 1692c(a)(1) and § 1692c(b)

39. The FDCPA, pursuant to 15 U.S.C. §1692c(a)(1), prohibits a debt collector from communicating with a consumer, without the consumer's prior direct consent, or the express permission of a court of competent jurisdiction, in connection with the collection of any debt at any unusual time or place known or which should be known to be inconvenient to the consumer.

40. Defendant violated §1692c(a)(1), when it called Plaintiff's place of employment with no consent or permission as Defendant knew that calling Plaintiff's employer, when Plaintiff was otherwise occupied, would be inconvenient to Plaintiff.

41. The FDCPA, pursuant to 15 U.S.C. §1692c(b), prohibits a debt collector, in connection with the collection of any debt, from communicating with any person, other than the consumer, his attorney, a consumer reporting agency if permitted by law, the creditor, the creditor's attorney, or the debt collector's attorney, without the consumer's prior consent given directly to the debt collector.

42. Defendant violated §1692c(b) when it repeatedly contacted Plaintiff's place of employment and Plaintiff's co-workers, to try to collect on the subject debt, without the Plaintiff ever providing Defendant with any consent to do so.

### c. Violations of FDCPA § 1692d, § 1692d(2), and §1692d(5)

43. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

44. The FDCPA, pursuant to 15 U.S.C. §1692d(2) prohibits the use of "language the natural consequence of which is to abuse the hearer or reader."

45. The FDCPA, pursuant to 15 U.S.C. §1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

46. Defendant violated §1692d, d(2), and d(5) when it repeatedly called Plaintiff's employer, repeatedly engaged Plaintiff's co-workers in harsh conversations threatening that a judgment against Plaintiff, that Plaintiff's wages would be garnished, and that Plaintiff would be arrested.

47. Defendant further violated §1692d, d(2), and d(5) by demanding from Plaintiff's co-workers that they pull Plaintiff from business meetings and further threatening that Plaintiff's co-workers would also get in trouble if they were covering for her.

48. Defendant violated §1692d, d(2), and d(5) when it repeatedly called Plaintiff on her cellular phone and at work, engaged Plaintiff in harsh conversations, and directly threatened Plaintiff with the above actions.

### d. Violations of FDCPA § 1692e, § 1692e(4), §1692e(5), §1692e(7), and §1692e(10)

49. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

50. Defendant violated §1692e when it used deceptive means to try to find her at work as well as using her co-workers to try to find her to collect on the subject debt.

51. Defendant violated §1692e when is falsely represented to Plaintiff's co-workers that they too can get in trouble if they were covering for her.

52. The FDCPA, pursuant to 15 U.S.C. §1692e(4), prohibits the representation that nonpayment of a debt will result in arrest or garnishment of wages, unless such action is lawful or such action is intended to be taken.

53. Defendant violated §1692e(4) when it represented both to Plaintiff and to her co-workers that a judgment would be entered against her, that her wages would be garnished, and that she would be arrested. No lawsuit had been filed against Plaintiff, and even if it had, the outcome would still have been unknown. As such, it would have been impossible for a judgment to be entered and even more impossible that Plaintiff's wages could be garnished or that she could be arrested. Defendant's representation were unlawful.

54. The FDCPA, pursuant to 15 U.S.C. §1692e(5), prohibits the threat to take any action that cannot be legally taken or that is not intended to be taken.

55. Defendant violated §1692e(5) when it threatened the above actions because legally none of these actions could have been taken. No lawsuit was filed, and even if it was, the outcome would have still been unknown.

56. The FDCPA, pursuant to 15 U.S.C. §1692e(7), prohibits the false representation or implication that the consumer committed any crime or other conduct in order to disgrace the consumer.

57. Defendant violated §1692e(7) when it threatened Plaintiff's arrest to Plaintiff and to Plaintiff's co-workers. Defendant's representations implied that Plaintiff's conduct warranted arresting the Plaintiff.

58. The FDCPA, pursuant to 15 U.S.C. §1692e(10), prohibits any false representation or deceptive means to collect or attempt to collect a debt.

8

59. Defendant violated §1692e(10) when it made false threats to Plaintiff, and her co-workers, that the Plaintiff will have a judgment entered against her, that her wages would be garnished, and that she would be arrested.

### e. Violations of FDCPA § 1692f and § 1692f(6)

60. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits the use of unfair or unconscionable means to collect or attempt to collect any debt.

61. Defendant violated §1692f when it harassed Plaintiff and her co-workers, threatened judgment, wage garnishment, and arrest, and made demands to, and even threatened Plaintiff's co-workers. Defendant's actions were egregious and unconscionable.

62. The FDCPA, pursuant to 15 U.S.C. §1692f(6), prohibits taking or threatening to take any nonjudicial action to effect dispossession of property if there is no right to possession of the property or no present intention to take it.

63. Defendant violated §1692f(6) when it threatened to garnish Plaintiff's wages. Since there was no judgment, let alone a lawsuit filed against Plaintiff, any purported wage garnishment would have been a nonjudicial action. Because of such an impossibility, Defendant had no right to do so and no intention of doing so.

64. As plead in paragraphs 27 through 29, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, MEY SAECHAO, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

c. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and

d.  Awarding any other relief as this Honorable Court deems just and appropriate.

**COUNT II – VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

65. Plaintiff restates and realleges paragraphs 1 through 30 as though fully set forth herein.

66. Plaintiff is a "person" as defined by Cal. Civ. Code § 1788.2(g).

67. The subject debt is a "debt" and "consumer debt" as defined by Cal. Civ. Code § 1788.2(d) and (f).

68. Defendant is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

    a.  **Violations of RFDCPA § 1788.17**

69. The RFDCPA, pursuant to Cal. Civ. Code § 1788.17, states that "Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j [of the Fair Debt Collection Practices Act ("FDCPA")], inclusive of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."

    i.  **Violations of FDCPA § 1692b(2) and § 1692b(3)**

70. The FDCPA, pursuant to 15 U.S.C. §1692b(2) prohibits a debt collector, when communicating with any person other than the consumer for the purpose of acquiring location information about the consumer, from stating that such consumer owes any debt.

71. Defendant violated §1692(b)(2) when Defendant called Plaintiff's place of employment, engaged Plaintiff's co-workers in conversation in order to find Plaintiff, and stated that it was calling to collect on the subject debt.

72. The FDCPA, pursuant to 15 U.S.C. §1692b(3) prohibits a debt collector, when communicating with any person other than the consumer for the purpose of acquiring location information about the consumer, from communicating with any such person more than once unless requested to do so by such person, or unless the debt collector reasonably believes that the earlier

response of such person is erroneous or incomplete, and that such person now has correct or complete location information.

73. Defendant violated §1692(b)(3) when it repeatedly contacted Plaintiff's employer, in order to find Plaintiff, without any request from Plaintiff's employer or co-workers to do so. Further, Defendant had no reason to believe that any response by Plaintiff's co-workers was erroneous or incomplete. Instead, Defendant was informed that Plaintiff had been in meetings, or otherwise occupied, yet Defendant continued to relentlessly call Plaintiff's employer.

### ii.   Violations of FDCPA § 1692c(a)(1) and § 1692c(b)

74. The FDCPA, pursuant to 15 U.S.C. §1692c(a)(1), prohibits a debt collector from communicating with a consumer, without the consumer's prior direct consent, or the express permission of a court of competent jurisdiction, in connection with the collection of any debt at any unusual time or place known or which should be known to be inconvenient to the consumer.

75. Defendant violated §1692c(a)(1), when it called Plaintiff's place of employment with no consent or permission as Defendant knew that calling Plaintiff's employer, when Plaintiff was otherwise occupied, would be inconvenient to Plaintiff.

76. The FDCPA, pursuant to 15 U.S.C. §1692c(b), prohibits a debt collector, in connection with the collection of any debt, from communicating with any person, other than the consumer, his attorney, a consumer reporting agency if permitted by law, the creditor, the creditor's attorney, or the debt collector's attorney, without the consumer's prior consent given directly to the debt collector.

77. Defendant violated §1692c(b) when it repeatedly contacted Plaintiff's place of employment and Plaintiff's co-workers, to try to collect on the subject debt, without the Plaintiff ever providing Defendant with any consent to do so.

### iii. Violations of FDCPA § 1692d, § 1692d(2), and §1692d(5)

78. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

79. The FDCPA, pursuant to 15 U.S.C. §1692d(2) prohibits the use of "language the natural consequence of which is to abuse the hearer or reader."

80. The FDCPA, pursuant to 15 U.S.C. §1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

81. Defendant violated §1692d, d(2), and d(5) when it repeatedly called Plaintiff's employer, repeatedly engaged Plaintiff's co-workers in harsh conversations threatening that a judgment against Plaintiff, that Plaintiff's wages would be garnished, and that Plaintiff would be arrested.

82. Defendant further violated §1692d, d(2), and d(5) by demanding from Plaintiff's co-workers that they pull Plaintiff from business meetings and further threatening that Plaintiff's co-workers would also get in trouble if they were covering for her.

83. Defendant violated §1692d, d(2), and d(5) when it repeatedly called Plaintiff on her cellular phone and at work, engaged Plaintiff in harsh conversations, and directly threatened Plaintiff with the above actions.

### iv. Violations of FDCPA § 1692e, § 1692e(4), §1692e(5), §1692e(7), and §1692e(10)

84. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

85. Defendant violated §1692e when it used deceptive means to try to find her at work as well as using her co-workers to try to find her to collect on the subject debt.

86. Defendant violated §1692e when is falsely represented to Plaintiff's co-workers that they too can get in trouble if they were covering for her.

87. The FDCPA, pursuant to 15 U.S.C. §1692e(4), prohibits the representation that nonpayment of a debt will result in arrest or garnishment of wages, unless such action is lawful or such action is intended to be taken.

88. Defendant violated §1692e(4) when it represented both to Plaintiff and to her co-workers that a judgment would be entered against her, that her wages would be garnished, and that she would be arrested. No lawsuit had been filed against Plaintiff, and even if it had, the outcome would still have been unknown. As such, it would have been impossible for a judgment to be entered and even more impossible that Plaintiff's wages could be garnished or that she could be arrested. Defendant's representation were unlawful.

89. The FDCPA, pursuant to 15 U.S.C. §1692e(5), prohibits the threat to take any action that cannot be legally taken or that is not intended to be taken.

90. Defendant violated §1692e(5) when it threatened the above actions because legally none of these actions could have been taken. No lawsuit was filed, and even if it was, the outcome would have still been unknown.

91. The FDCPA, pursuant to 15 U.S.C. §1692e(7), prohibits the false representation or implication that the consumer committed any crime or other conduct in order to disgrace the consumer.

92. Defendant violated §1692e(7) when it threatened Plaintiff's arrest to Plaintiff and to Plaintiff's co-workers. Defendant's representations implied that Plaintiff's conduct warranted arresting the Plaintiff.

93. The FDCPA, pursuant to 15 U.S.C. §1692e(10), prohibits any false representation or deceptive means to collect or attempt to collect a debt.

94. Defendant violated §1692e(10) when it made false threats to Plaintiff, and her co-workers, that the Plaintiff will have a judgment entered against her, that her wages would be garnished, and that she would be arrested.

### v.  Violations of FDCPA § 1692f and § 1692f(6)

95. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits the use of unfair or unconscionable means to collect or attempt to collect any debt.

96. Defendant violated §1692f when it harassed Plaintiff and her co-workers, threatened judgment, wage garnishment, and arrest, and made demands to, and even threatened Plaintiff's co-workers.  Defendant's actions were egregious and unconscionable.

97. The FDCPA, pursuant to 15 U.S.C. §1692f(6), prohibits taking or threatening to take any nonjudicial action to effect dispossession of property if there is no right to possession of the property or no present intention to take it.

98. Defendant violated §1692f(6) when it threatened to garnish Plaintiff's wages.  Since there was no judgment, let alone a lawsuit filed against Plaintiff, any purported wage garnishment would have been a nonjudicial action.  Because of such an impossibility, Defendant had no right to do so and no intention of doing so.

99. Defendant willfully and knowingly violated the RFDCPA. Defendant's willful and knowing violations of the RFDCPA should trigger this Honorable Court's ability to award Plaintiff statutory damages of up to $1,000.00, as provided under Cal. Civ. Code § 1788.30(b).

100.     As plead in paragraphs 27 through 29, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, MEY SAECHAO, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Award Plaintiff actual damages, pursuant to Cal. Civ. Code § 1788.30(a);

c. Award Plaintiff statutory damages up to $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);

d. Award Plaintiff costs and reasonable attorney fees as provided pursuant to Cal. Civ. Code § 1788.30(c);

e. Enjoining Defendant from further contacting Plaintiff; and

f. Award any other relief as the Honorable Court deems just and proper.

Dated: August 30, 2019            Respectfully submitted,

By: /s/ Nicholas M. Wajda
Nicholas M. Wajda
WAJDA LAW GROUP, APC
6167 Bristol Parkway
Suite 200
Culver City, California 90230
Telephone: (310) 997-0471
Email: nick@wajdalawgroup.com