UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEY SAECHAO, | No. 2:19-cv-1723 KJM DB |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| PRIME RECOVERY LLC a/k/a PRIME RECOVERY SOLUTIONS, | |
| Defendant. | |

This matter came before the undersigned on December 13, 2019, pursuant to Local Rule 302(c)(19), for hearing of plaintiff's motion for default judgment. (ECF No. 12.) Attorney Majdi Hijazin appeared telephonically on behalf of the plaintiff. No appearance was made on behalf of the defendant. At that time, oral argument was heard and the motion was taken under submission.

Having considered all written materials submitted with respect to the motion, and after hearing oral argument, the undersigned recommends that the motion for default judgment be granted as explained below.

**BACKGROUND**

Plaintiff commenced this action on August 30, 2019, by filing a complaint and paying the required filing fee. (ECF No. 1.) Therein, plaintiffs allege that defendant Prime Recovery LLC a\k\a Prime Recovery Solutions, ("Prime Recovery"), called plaintiff—a consumer and

1

Sacramento resident—"on no less than 10 occasions" in an effort to collect a debt beginning in April of 2019. (Compl. (ECF No. 1) at 2-3.[1]) Defendant's calls included threats of a court judgment, wage garnishment, and arrest. (Id.) Defendant also contacted plaintiff's employer and co-workers. (Id.) Defendant's calls continued into July of 2019. (Id.) The complaint alleges that defendant's conduct violated the Fair Debt Collections Practices Act, ("FDCPA"), and California's Rosenthal Fair Debt Collections Practices Act, ("RFDCPA"). (Id. at 5-14.) The complaint seeks damages, costs, attorney's fees, and injunctive relief. (Id. at 14-15.)

On September 11, 2019, plaintiff filed proof of service on defendant. (ECF No. 6.) On October 25, 2019, plaintiff filed a request for entry of defendant's default. (ECF No. 7.) The Clerk of the Court entered defendant's default on October 28, 2019. (ECF No. 8.)

On November 15, 2019, plaintiff filed the pending motion for default judgment. (ECF No. 10.) The motion for default judgment seeks statutory damages, costs, and attorney's fees. (Id. at 3-4.) The matter came before the undersigned on December 13, 2019, for hearing. (ECF No. 12.) Despite being served with notice of the motion and hearing there was no appearance on behalf of the defendant and defendant did not file an opposition to the motion for default judgement. (ECF No. 10 at 5.)

**LEGAL STANDARD**

Federal Rule of Civil Procedure 55(b)(2) governs applications to the court for default judgment. Upon entry of default, the complaint's factual allegations regarding liability are taken as true, while allegations regarding the amount of damages must be proven. Dundee Cement Co. v. Howard Pipe & Concrete Prods., 722 F.2d 1319, 1323 (7th Cir. 1983) (citing Pope v. United States, 323 U.S. 1 (1944); Geddes v. United Fin. Group, 559 F.2d 557 (9th Cir. 1977)); see also DirectTV v. Huynh, 503 F.3d 847, 851 (9th Cir. 2007); TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987).

Where damages are liquidated, i.e., capable of ascertainment from definite figures contained in documentary evidence or in detailed affidavits, judgment by default may be entered

---

[1] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

2

without a damages hearing.  Dundee, 722 F.2d at 1323.  Unliquidated and punitive damages, however, require "proving up" at an evidentiary hearing or through other means.  Dundee, 722 F.2d at 1323-24; see also James v. Frame, 6 F.3d 307, 310-11 (5th Cir. 1993).

Granting or denying default judgment is within the court's sound discretion.  Draper v. Coombs, 792 F.2d 915, 924-25 (9th Cir. 1986); Aldabe v. Aldabe, 616 F.2d. 1089, 1092 (9th Cir. 1980).  The court is free to consider a variety of factors in exercising its discretion.  Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  Among the factors that may be considered by the court are

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel, 782 F.2d at 1471-72 (citing 6 Moore's Federal Practice ¶ 55-05[2], at 55-24 to 55-26).

## ANALYSIS

**A.     Appropriateness of the Entry of Default Judgment under the Eitel Factors**

Plaintiff's motion for default judgement seeks judgement on the complaint's claims that the defendant's conduct violated the FDCPA and RFDCPA.  (Pl.'s MDJ (ECF No. 10) at 2-4.)  The factual allegations of plaintiff's complaint are taken as true pursuant to the entry of default against the defendant.

**1.     Factor One: Possibility of Prejudice to Plaintiff**

The first Eitel factor considers whether plaintiff would suffer prejudice if default judgment is not entered.  When a defendant has failed to appear and defend the claims, a plaintiff will be without recourse and suffer prejudice unless default judgment is entered.  Vogel v. Rite Aid Corp., 992 F.Supp.2d 998, 1007 (C.D. Cal. 2014) (granting a default judgement for a disabled plaintiff suing under the ADA and Unruh Act, relying upon this rationale).

Here, the defendant has failed to appear and defend against plaintiff's claims.  Absent entry of default judgement, plaintiff would likely be without recourse against the defendant.

////

3

Because plaintiff will suffer prejudice if plaintiff is without recourse, this factor weighs in favor of entry of default judgment.

### 2. Factors Two and Three: The Merits of Plaintiff's Substantive Claims and the Sufficiency of the Complaint

The second and third factors are (1) the merits of plaintiff's substantive claim, and (2) the sufficiency of the complaint. Eitel, 782 F.2d at 1471-72. Thus, the second and third Eitel factors require plaintiff to state a claim on which plaintiff can recover. PepsiCo, Inc. v. California Security Cans, 238 F.Supp.2d, 1172, 1175 (2002); see Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978). Given the close relationship between the two inquiries, factors two and three are considered together.

As mentioned above, plaintiff seek default judgment on claims that the defendant violated the FDCPA and RFDCPA. "The FDCPA was enacted as a broad remedial statute designed to 'eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.'" Gonzales v. Arrow Financial Services, LLC, 660 F.3d 1055, 1060 (9th Cir. 2011) (quoting 15 U.S.C. § 1692(e)).

"In order for a plaintiff to recover under the FDCPA, there are three threshold requirements: (1) the plaintiff must be a 'consumer'; (2) the defendant must be a 'debt collector'; and (3) the defendant must have committed some act or omission in violation of the FDCPA." Robinson v. Managed Accounts Receivables Corp., 654 F.Supp.2d 1051, 1057 (C.D. Cal. 2009) (quoting Withers v. Eveland, 988 F. Supp. 942, 945 (E.D. Va. 1997)). "California's version of the FDCPA, called the Rosenthal Act or RFDCPA, 'mimics or incorporates by reference the FDCPA's requirements . . . and makes available the FDCPA's remedies' as independent violations." Boon v. Professional Collection Consultants, 958 F.Supp.2d 1129, 1131 (S.D. Cal. 2013) (quoting Riggs v. Prober & Raphael, 681 F.3d 1097, 1100 (9th Cir. 2012)).

Here, the complaint alleges that plaintiff is a consumer and defendant a debt collector. (Compl. (ECF No. 1) at 5.) Moreover, beginning in April or May of 2019, defendant repeatedly

1  contacted plaintiff's employer and co-workers, and discussed the subject debt without plaintiff's
2  consent and when defendant knew plaintiff would be unavailable.  (Id. at 3, 5-6.)  During these
3  calls defendant threatened that a judgment would be entered against plaintiff, plaintiff's wages
4  garnished, and/or that plaintiff would be arrested.  (Id. at 7.)  Defendant also threatened plaintiff's
5  co-workers asserting that they "would also get in trouble if they were covering for her."  (Id.)
6  Despite these threats, defendant took no such action against plaintiff.  (Id. at 8.)

7        The undersigned finds that the complaint has stated claims for violation of the FDCPA
8  and RFDCPA.  See Evon v. Law Offices of Sidney Mickell, 688 F.3d 1015, 1024 (9th Cir. 2012)
9  ("Notably absent from the list of individuals or entities that a debt collector may communicate
10 with is the debtor's employer."); Del Campo v. Am. Corrective Counseling Serv., Inc., 718
11 F.Supp.2d 1116, 1134 (N.D. Cal. 2010) ("The FDCPA provides that it is a violation to represent
12 or imply that nonpayment of any debt will result in the arrest or imprisonment of any person . . .
13 unless such action is lawful and the debt collector or creditor intends to take such action.").  The
14 second and third Eitel factors thus weigh in favor of the entry of default judgment.

15       **3.    Factor Four: The Sum of Money at Stake in the Action**

16       Under the fourth factor cited in Eitel, "the court must consider the amount of money at
17 stake in relation to the seriousness of Defendant's conduct."  Eitel, 782 F.2d at 1471-72; see also
18 Philip Morris USA, Inc v. Castworld Prods., Inc., 219 F.R.D. 494, 500.  (C.D. Cal. 2003).
19 Plaintiff's motion for default judgment seeks $2,000 in statutory damages and $4,045.55 in
20 attorney's fees and costs.  (Pl.'s MDJ (ECF No. 10) at 4.)  The undersigned does not find the
21 overall sum of money at stake to be so large or excessive as to militate against the entry of default
22 judgment.  See Freligh v. Roc Asset Solutions, LLC, Case No. 16-cv-0653 MEJ, 2016 WL
23 3748723, at *6 (N.D. Cal. June 8, 2016) ("Because this amount is neither substantial nor
24 unreasonable and the statutory damages are tied to Defendant's misconduct, the fourth factor
25 weighs in favor of default judgment.").

26       **4.    Factor Five: The Possibility of a Dispute Concerning Material Facts**

27       This Eitel factor considers the possibility that material facts are disputed.  "Upon entry of
28 default, all well-pleaded facts in the complaint are taken as true, except those relating to

5

damages." PepsiCo, Inc., 238 F.Supp.2d at 1177. Here, there appears to be no material facts in dispute. This factor weighs in favor of default judgment.

### 5. Factor Six: Whether the Default Was Due to Excusable Neglect

This Eitel factor considers the possibility that the defendant's default was the result of excusable neglect. Despite having been properly served with plaintiff's complaint and the instant motion for default judgment, defendant has been non-responsive in this action. (ECF Nos. 6 ; ECF No. 10 at 5.) Thus, the record suggests that the defendant has chosen not to defend this action, and that the default did not result from excusable neglect. Accordingly, this Eitel factor weighs in favor of the entry of default judgment.

### 6. Factor Seven: The Strong Policy Underlying the Federal Rules of Civil Procedure Favoring Decisions on the Merits

The final Eitel factor examines whether the strong policy favoring deciding cases on the merits prevents a court from entering default judgment. Eitel, 782 F.2d at 1472. Generally, default judgments are disfavored, and a case should be decided on the merits whenever possible. See Pena v. Seguros La Comercial, S.A., 770 F.2d 811, 814 (9th Cir. 1985). However, where a defendant's failure to appear "makes a decision on the merits impracticable, if not impossible," entry of default judgment is warranted. PepsiCo, Inc., 238 F.Supp.2d at 1177; see also Craigslist, Inc. v. Naturemarket, Inc., 694 F.Supp.2d 1039, 1061 (N.D. Cal. 2010). As the defendant has failed to respond in this matter, a decision on the merits is impossible. Therefore, the seventh Eitel factor does not preclude the entry of default judgment.

### 7. Summary of Eitel Factors

In sum, upon consideration of all the Eitel factors, the undersigned finds that plaintiff should be granted default judgment against defendant and recommends that such a default judgment be entered. The undersigned therefore turns to plaintiff's requested terms of judgment.

### B. Terms of the Judgment to be Entered

After determining that a party is entitled to entry of default judgment, the court must determine the terms of the judgment to be entered. See Landstar Ranger, Inc. v. Path Enterprises,

////

6

Inc., 725 F.Supp.2d 916, 920 (C.D. Cal. 2010.).  As noted above, plaintiff's motion seeks statutory damages, and reasonable attorney's fees and costs.

### 1. Statutory Damages

Plaintiff's motion seeks $2,000 in statutory damages—$1,000 in statutory damages pursuant to the FDCPA and $1,000 in statutory damages pursuant to the RFDCPA.  (Pl.'s MDJ (ECF No. 10) at 4.)  A plaintiff may obtain as much as $1,000 in statutory damages under the FDCPA.  15 U.S.C. § 1692k(a)(2).  Pursuant to the RFDCPA, the court may award statutory damages that are no "less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000)."  Cal. Civ. Code § 1788.30.  "The Rosenthal Act's remedies are cumulative, and available even when the FDCPA affords relief."  Gonzales, 660 F.3d at 1069.  "Statutory damages are akin to a penalty and require the court to consider the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional."  Myers v. LHR, Inc., 543 F.Supp.2d 1215, 1218 (S.D. Cal. 2008).

Here, the complaint alleges that the defendant made dozens of calls to plaintiff's place of employment, spoke with plaintiff's employer and co-workers, and threatened plaintiff with garnishment and arrest.  (Compl. (ECF No. 1) at 2-5.)  The undersigned finds that defendant engaged in multiple violations of the FDCPA and RFDCPA and recommends that plaintiff be awarded $2,000 in statutory damages.  See Esget v. TCM Financial Services LLC, No. 1:11-cv-00062 AWI BAM, 2014 WL 258837, at *7 (E.D. Cal. Jan. 23, 2014) ("The Court concludes that Plaintiff has established several violations of the FDCPA based on Defendant's improper communications with Plaintiff's employer and threats to take actions which Defendant never had any intent to take, i.e., the filing of a lawsuit and garnishing of Plaintiff's wages.").

### 2. Attorney's Fees and Costs

Plaintiff's motion for default judgment also seeks $4,045.55 in attorney's fees and costs. (Pl.'s MDJ (ECF No. 10) at 4.)  An award of reasonable attorney's fees and costs is available to a prevailing plaintiff under both the FDCPA and the RFDCPA.  15 U.S.C. § 1692k(a)(3); Cal. Civ.

////

Code § 1788.30(c).  The reasonableness of an attorney fee award is determined by the lodestar approach.  Jordan v. Multnomath County, 815 F.2d 1258, 1262-63 (9th Cir. 1987).

"The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expected on the litigation by a reasonable hourly rate."  Camacho v. Bridgeport Fin., Inc., 523 F.3d 973, 978 (9th Cir. 2008); see also Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); Ferland v. Conrad Credit Corp., 244 F.3d 1145, 1149 n.4 (9th Cir. 2001).  While the court has discretion to consider an upward of downward adjustment, the lodestar is presumptively reasonable.  Camacho, 523 F.3d at 978.  With respect to costs, "'[e]ven though not normally taxable as costs, out-of-pocket expenses incurred by an attorney which would normally be charged to a fee paying client are recoverable as attorney's fees.'"  Molina v. Creditors Specialty Service, Inc., No. CIV. S-08-2975 GEB GGH, 2010 WL 235042 at *4 (E.D. Cal. Jan. 21, 2010) quoting Chalmers v. City of Los Angeles, 796 F.2d 1205, 1216 n.7 (9th Cir. 1986)).

However, Local Rule 293 sets forth certain requirements for the consideration of attorney's fees.  In this regard, a party seeking an award of attorney's fees must provide information from which the court can determine:

>   (1) the time and labor required of the attorney(s);
>   (2) the novelty and difficulty of the questions presented;
>   (3) the skill required to perform the legal service properly;
>   (4) the preclusion of other employment by the attorney(s) because of the acceptance of the action;
>   (5) the customary fee charged in matters of the type involved;
>   (6) whether the fee contracted between the attorney and the client is fixed or contingent;
>   (7) any time limitations imposed by the client or the circumstances;
>   (8) the amount of money, or the value of the rights involved, and the results obtained;
>   (9) the experience, reputation, and ability of the attorney(s);
>   (10) the "undesirability" of the action;
>   (11) the nature and length of the professional relationship between the attorney and the client;

8

>> (12) awards in similar actions; and
>>
>> (13) such other matters as the Court may deem appropriate under the circumstances.

Local Rule 293(b) and (c).

Similarly, with respect to costs Local Rule 292 provides:

> Within fourteen (14) days after entry of judgment or order under which costs may be claimed, the prevailing party may serve on all other parties and file a bill of costs conforming to 28 U.S.C. § 1924. The cost bill shall itemize the costs claimed and shall be supported by a memorandum of costs and an affidavit of counsel that the costs claimed are allowable by law, are correctly stated, and were necessarily incurred.

Local Rule 292(a). Here, plaintiff's filing only provides a billing statement and fails to provide the other information required by the Local Rules. (ECF No. 10-1; ECF No. 10-2.)

Accordingly, the undersigned recommends that plaintiff's request for attorney's fees and costs be denied without prejudice to renewal. See United States for use and benefit of Rexel, Inc. v. Hubzone Corp., No. 2:16-cv-0408 JAM EFB, 2019 WL 1150028, at *5 (E.D. Cal. Mar. 13, 2019) ("ACIC has not submitted an affidavit addressing the criteria listed in Local Rule 293. Accordingly, its requests for attorney's fees shall be addressed in an appropriate motion filed in conformance with Local Rule 293."); Vang v. Lopey, No. 2:16-cv-2172 JAM CMK, 2017 WL 6055771, at *1 (E.D. Cal. Dec. 7, 2017) ("The Court also denied the County's request for attorney's fees twice, most recently based on the County's noncompliance with Local Rule 293(b)."); Beats Electronics, LLC v. Deng, No. 2:14-cv-1077 JAM AC (TEMP) 2016 WL 335833, at *7 (E.D. Cal. Jan. 28, 2016) (recommending denial of request for fees and costs for failure to comply with Local Rules).

**CONCLUSION**

For the reasons set forth above, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's November 15, 2019 motion for default judgment (ECF No. 10) be granted;

2. Judgment be entered against defendant Prime Recovery, LLC;

3. Defendant Prime Recovery, LLC be ordered to pay plaintiff $2,000 in statutory damages;

4. Plaintiff's request for attorney's fees and costs be denied without prejudice to renewal; and

5. This case be closed.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within thirty (30) days after these findings and recommendations are filed, any party may file written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 25, 2020

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.pro se\saechao1723.mdj2.f&rs